IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DANIEL HARTOWICZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DIRECTBUY, INC., an Indiana corporation,<br><br>*Defendant*. | Case No. 13-cv-1710 |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Daniel Hartowicz brings this class action complaint against Defendant DirectBuy, Inc. ("DirectBuy"), to stop Defendant's practice of making unsolicited phone calls to the telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant DirectBuy is a membership-based wholesale retailer of household goods, with over 130 locations in the United States and Canada.

2. In an effort to promote its membership programs and attract new customers, Defendant, through its own telemarketing efforts as well as through one or more business partners, made thousands of unsolicited phone calls to consumers nationwide that featured a pre-recorded message, more commonly known as a "robocall," promoting gift items and vacation packages in exchange for attending a presentation.

3. Neither Plaintiff Hartowicz, nor the other members of the proposed Class, ever

1

provided their telephone numbers to Defendant for any purpose, nor did they consent to have Defendant make telephone calls to those telephones.

4. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their phone carriers for the receipt of such telephone calls.

5. Defendant repeatedly made (or directed to be made on its behalf) unsolicited telephone calls to Plaintiff's and the other putative Class member's telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

6. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff Daniel Hartowicz is a natural person and citizen of the State of Illinois.

8. Defendant DirectBuy, Inc. is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 8450 Broadway, Merrillville, Indiana. DirectBuy does business throughout the United States, the State of Illinois and in this District. Specifically, DirectBuy has three retail locations in this District.

**JURISDICTION AND VENUE**

9. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227

*et seq.*

10. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants transact significant amounts of business within this District and the conduct and events giving rise to Plaintiff's claims arose in substantial part in this District. Specifically, Plaintiff received phone calls from Defendant in this District and Defendant maintains several retail locations here.

## COMMON FACTUAL ALLEGATIONS

11. Defendant DirectBuy is a membership-based wholesale retailer specializing in home furnishings and other home goods.

12. As a necessary component of Defendant's business model, it must regularly recruit new members to join its programs and pay the associated monthly fees. As Defendant's memberships are significantly more expensive than many similar membership-based programs, Defendant utilizes incentives to entice potential members into its showrooms.

13. The incentives offered by Defendant include gift cards, other gift items, and vacation packages in return for attending informational membership presentations at local, often newly opened, DirectBuy stores.

14. However, in an effort to increase sales and generate new leads at a higher rate, but lower cost, DirectBuy has turned to unsolicited telemarketing, including robocalls, to obtain new members.

15. Specifically, DirectBuy, either through its own telemarketing operations, or through business partners, has made thousands of robocalls and other telephone calls to consumers nationwide offering vacation packages, gift cards, and other incentives in exchange for attending a DirectBuy presentation.

16. The calls are made to consumers who have never requested to receive them, never engaged in any interaction with DirectBuy, and are made on a repeat basis without consent. Defendant obtained consumers phone numbers either through the purchase of phone number lists or by simply randomly generating them. In fact, online complaint websites are filled with hundreds of complaints regarding the receipt of automated calls from or on behalf of Defendant.

17. For his part, starting in or around June 2012, Plaintiff received at least one phone call from Defendant, or a business partner acting on Defendant's behalf, on his cellular telephone.

18. Specifically, Plaintiff received a robocall offering a gift card and other items in exchange for attending a presentation at a DirectBuy showroom.

19. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make calls to his cellular telephone, or any other telephone number.

20. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those persons who answer first.

21. Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

**CLASS ALLEGATIONS**

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All individuals in the United States who received a telephone call, made by or on behalf of Defendant, featuring an artificial voice or pre-recorded message.
>
> Excluded from the Class are: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; 3) counsel for Plaintiff and Defendant; 4) persons who properly execute and file a timely request for exclusion from the Class; 5) the legal representatives, successors or assigns of any such excluded persons; and 6) all persons who have previously had their claims finally adjudicated on the merits or otherwise released.

23. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant's conduct constitutes violations of the TCPA;

    (b)    whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as defined by the TCPA;

    (c)    whether Defendant systematically made telephone calls to persons who did not provide Defendant with their prior express consent to receive such telephone calls;

    (d)    whether Defendant utilized an artificial or prerecorded voice in making telephone calls to Plaintiff and the putative Class; and,

    (e)    whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

27.    **Superiority**: Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

6

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Class)

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant and/or its agents made unsolicited telephone calls to telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

30. Defendant made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

31. Defendant and its agents utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

32. Defendant and its agents utilized artificial or prerecorded voice messages in making the telephone calls.

33. By making, or having made on its behalf, the unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiff and the Class's telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(B).

34. Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an Order under section 227(b)(3)(A) of the TCPA enjoining Defendant's unlawful telephone calling activities described in this Complaint.

35. Further, as a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone

calls and therefore, Plaintiff, on behalf of himself and the other members of the Class, seeks an Order under section 227(b)(3)(B) awarding a minimum of $500.00 in damages for each of Defendant's violations of the TCPA.

36. Should the Court determine that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daniel Hartowicz, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Daniel Hartowicz as Class Representative, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried

Respectfully submitted,

**DANIEL HARTOWICZ**, individually and on behalf of all others similarly situated,

Dated: March 5, 2013                By: _____
                                         One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Christopher L. Dore
Benjamin H. Richman
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
jedelson@edelson.com
rbalabanian@edelson.com
cdore@edelson.com
brichman@edelson.com